## James M. Fair, Defendant in Error, v. City of Chicago, Plaintiff in Error.

### Gen. No. 21,772.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Joseph S. La Buy, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed November 14, 1916.

### Statement of the Case.

Action by James M. Fair, plaintiff, against the City of Chicago, defendant, in the Municipal Court of Chicago, to recover for wages. To reverse a judgment for plaintiff for $124.25, defendant prosecutes this writ of error.

Samuel A. Ettelson, for plaintiff in error; Roy S. Gaskill and John A. Cooke, of counsel.

A. D. Gash, for defendant in error.

Mr. Justice McGoorty delivered the opinion of the court.

### Abstract of the Decision.

1. Civil service, § 6a*—*when motion to find issues for defendant erroneously denied.* In an action by a city employee to recover wages during a period when he claims he was illegally laid off,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

where plaintiff alleges that he was duly certified by the . Civil Service Commission as such employee, a motion to find the issues for defendant is erroneously denied where there is no competent evidence, by record of such commission or otherwise, that plaintiff was certified as alleged.

2. CIVIL SERVICE, § 6a*—*when evidence insufficient to show certification of city employee.* In an action by a city employee to recover wages during a period when he claims he was illegally laid off, where plaintiff alleges that he was duly certified by the Civil Service Commission as such employee, a finding for plaintiff *held* against the manifest weight of the evidence where there was no competent evidence, by record of such commission or otherwise, of such certification.

3. CIVIL SERVICE, § 25*—*when case remanded on reversal.* In an action by a city employee to recover wages during a period when he claims he was illegally laid off, where plaintiff alleges that he was duly certified by the Civil Service Commission as such employee, but offers no competent evidence, by record of such commission or otherwise, of such certification, the case will, on reversal for want of such evidence, be remanded where it appears that the court and plaintiff's counsel proceeded on the theory that proof of certification was unnecessary, since but for such ruling other evidence might have been introduced in support of plaintiff's contention.